CARPENETI, Justice,
concurring.
I concur in this court's conclusion that the superior court's "fractional calculations," which assigned either half or two-thirds of George's entire earnings and expenditures to Olga's support (depending on whether Linda lived with Richard or Linda lived with Olga), on the assumption that Olga was living with George, failed to account for evidence that George's support was sporadic and variable due to the significant disruptions in Olga's and Linda's living arrangements. But I would not reverse the superior court's conclusion that George's contributions were sufficient to offset Richard's support obligation if the superior court had made specific findings, based on evidence in the record, that the totals spent by George for Olga's benefit were sufficient to meet the federal standard when added to other sources of support from Richard.
I reach this conclusion because George's testimony, which the superior court appears to have accepted, included the declarations that he paid for "about six months" or "at least six months" of hotel bills at $1,600 per month for a total of $9,600; two months of apartment costs totaling $2,200; 12 months of phone costs at $130 per month totaling $1,560; four months of electric bills at $35 per month totaling $140; and food either "all through the year" or starting in "March, April, May, whatever" at about $400 per month totaling at least $2,400. Adding even the lower of the sets of these figures to the miscellaneous offsets found by the court (Olga's earnings of $175, Richard's payments of $1,458, and Richard's support after he relinquished guardianship and before the end of 2010 at a "minimum" of $275), the total of $17,808 exceeds the amount Richard was required to pay under 8 U.S.C. § 1188(a)(1)(48), $16,112.
Thus, while I conclude that the record could have supported findings sufficient to support the superior court's judgment, a remand is appropriate to allow that court in the first instance to make such specific findings.